UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

ALLEN ROBERT CARTER and           Case No.: 6:06-bk-02157-ABB
CLARINDA J. CARTER,                Chapter 7

      Debtors.
_____/

WAYLAND STRICKLAND and
THERESA STRICKLAND,              Adv. Pro. No.: 6:06-ap-00146-ABB

      Plaintiffs,
v.

ALLEN ROBERT CARTER and
CLARINDA J. CARTER,

      Defendants.
_____/

## MEMORANDUM OPINION

This matter came before the Court on the Complaint Objecting to Discharge of Debtors (Doc. No. 1) ("Complaint") and the Joint Motion for Entry of a Non-dischargeable Final Judgment with its Consent to Non-dischargeable Final Judgment (Doc. Nos. 31, 32, 35) filed by Wayland Strickland and Theresa Strickland, the Plaintiffs herein (collectively, the "Plaintiffs"), seeking to have a debt arising from a Florida State Court judgment entered against Allen Robert Carter and Clarinda Carter, the Debtors and Defendants herein (collectively, the "Debtors"), deemed nondischargeable pursuant to 11 U.S.C. Section 523(a)(2)(A). An evidentiary hearing was held on May 2, 2008 at which Allen Robert Carter, *pro se*, the Plaintiffs, and Plaintiffs' counsel appeared.

The Plaintiffs' *ore tenus* motion to amend the Complaint to conform it to the evidence presented at trial was granted pursuant to Federal Rule of Civil Procedure 15(b) (applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 15) and the Plaintiffs were directed to file an amended Complaint within seven days. The Plaintiffs did not file an amended Complaint.

The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

## **FINDINGS OF FACT**

### *Background*

The Debtors own a roofing company, A. Carter Roofing, Inc., a Florida corporation, which provided residential and commercial roofing services to clients in Orange, Brevard, and outlying counties. The company was incorporated in 2004 and ceased doing business in May 2006 when its roofing license was revoked by the State of Florida.

The Plaintiffs met with Allen Carter and contracted with him on July 1, 2004 to install a metal roof on the Plaintiffs' residential property located at 3141 Oak Alley Drive, Apopka, Florida 32703 for the amount of $68,786.30, with payment initially to be made in two installments.[1] The parties verbally amended the contract to utilize a different metal roofing product and increased the contract price to $77,000.00 to be paid in three installments. The contract price included labor, services, and materials.

The Plaintiffs paid $26,000.00 to "A. Carter Roofing" by check number 6012 dated September 29, 2005, which funds were to be used for the purchase of roofing

---

[1] Plaintiffs' Exh. No. 1.

2

materials.[2] Allen Carter began the Plaintiffs' roofing work on December 16, 2005. He and a small crew installed felt paper, which the Plaintiffs had purchased separately, over the plywood sheathing that had been installed by the framing contractor. The Plaintiffs made a second installment payment of $26,000.00 to "A. Carter Roofing" by check number 6000 on that day.[3] Both checks were cashed by the Debtors and/or their company.

Allen Carter had not obtained the roofing materials at the time he received the second check despite informing the Plaintiffs he had obtained the materials. He performed roofing services only on December 16, 2005 and returned to the jobsite once thereafter to deliver lumber. He did not return to the jobsite despite the Plaintiffs' repeated telephone calls to the Debtors and Allen Carter's promises to return.

The work performed by Allen Carter was faulty and inadequate to protect the underlying sheathing causing water damage.[4] The Plaintiffs hired a replacement contractor who corrected and completed the project.[5]

The Plaintiffs instituted a civil action against the Debtors and their company captioned <u>Wayland Strickland and Theresa Strickland v. A. Carter Roofing, Inc., Allen R. Carter, and Clarinda Carter</u>, Case No. 06-CA-3488, in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida. A Default Final Judgment was entered by the Florida State Court on July 25, 2006 ("Judgment") in favor of the Plaintiffs and against the Debtors and their company for $63,846.37, consisting of the

---

[2] Plaintiffs' Exh. No. 4.

[3] <u>Id.</u> Check number 6000 was not written by the Plaintiffs. It was issued by Mary Jane Johnson on an USAA account held in her name. The Plaintiffs did not establish the second installment constituted funds paid by them for the roofing project.

[4] Plaintiffs' Exh. No. 3.

[5] Plaintiffs' Exh. No. 5.

principal sum of $53,549.98, prejudgment interest of $3,263.00, costs of $370.00, attorney's fees of $6,060.00, and paralegal fees of $603.50, with post-judgment interest at the rate of nine percent per annum accruing. No appeal or reconsideration of the Judgment was sought.

### *Bankruptcy Proceedings*

The Debtors filed a joint Chapter 7 bankruptcy case on August 28, 2006. Their debts listed in Schedule F (Main Case Doc. Nos. 1, 16) are primarily business and medical debts.

The Plaintiffs filed the Complaint against the Debtors seeking to have the Judgment debt deemed nondischargeable pursuant to 11 U.S.C. Section 523(a)(2)(A) asserting it arose through the Debtors' "false pretenses, false representations, and actual fraud" (Doc. No. 1 at p. 1). The Debtors are *pro se* in this adversary proceeding. They filed Answers (Doc. Nos. 16, 22) and a Statement of Facts (Doc. No. 29) disputing the Plaintiff's non-dischargeability allegations.

The Plaintiffs filed a Joint Motion for Entry of a Non-dischargeable Final Judgment with a Consent to Non-dischargeable Final Judgment (Doc. Nos. 31, 32, 35), executed by the Debtors, *pro se*, pursuant to which the Debtors agreed to the entry of a non-dischargeable final judgment of $46,000.00 in favor of the Plaintiffs, with no interest to accrue, no repayment time table, and each party to bear its own attorneys' fees and costs.

The Joint Motion was initially granted in part by the Order entered on November 16, 2007 (Doc. No. 37) finding the Plaintiffs hold a general unsecured claim of $46,000.00, with no interest to accrue, and granting them relief from the automatic stay to

Case 6:06-ap-00146-ABB   Doc 50   Filed 07/07/08   Page 5 of 11

pursue a reimbursement claim with the Florida Homeowners' Construction Recovery Fund ("Fund"). The Plaintiffs' reimbursement claim was denied by the Fund and they sought approval of the Joint Motion.[6] An Order was entered on January 22, 2008 (Doc. No. 43) denying the Joint Motion and setting a final evidentiary hearing on the Complaint.

The Plaintiffs renewed their Joint Motion at the trial seeking the entry of a non-dischargeable judgment of $46,000.00 against the Debtors pursuant to the Consent. It became apparent Allen Carter does not fully understand the terms of the Consent and the nondischargeability elements of Section 523(a)(2)(A). The Debtors did not sign the Joint Motion and Consent with the intent a debt of $46,000.00 be deemed nondischargeable, but signed these documents for the purpose of facilitating the Plaintiffs' Fund reimbursement proceeding. The Joint Motion is due to be denied.

### *Nondischargeability Elements*

The Complaint centers on the Judgment and the assertion the Judgment is entitled to preclusive effect because it establishes "the Debtors' false pretenses, a false representation, and actual fraud" with respect to the Judgment debt (Doc. No. 1 at p. 5). The Plaintiffs presented evidence at trial, beyond the Judgment, in support of the Complaint allegations.

A plaintiff's burden of proof in a nondischargeability action is substantial. The Plaintiff is required to establish by a preponderance of the evidence: (i) the Debtors made a false representation to deceive the Plaintiff; (ii) the Plaintiff relied on the misrepresentation; (iii) the reliance was justified; and (iv) the Plaintiff sustained a loss as a result of the misrepresentation.

---

[6] Plaintiffs' Exh. No. 6.

5

The Judgment does not contain any findings of fact or conclusions of law. It does not establish any of the nondischargeability elements. The Judgment is not entitled to preclusive effect with respect to nondischargeability.

The Plaintiffs did not establish any of the nondischargeability elements as to Clarinda Strickland and apparently are no longer pursuing the nondischargeability action against her. The indebtedness owed by Clarinda Carter to the Plaintiffs is dischargeable.

Allen Carter explained his delay in beginning the work and failure to complete the job were due to: (i) difficulty in obtaining supplies; (ii) employee issues in his business and a backlog of work; and (iii) being overwhelmed, emotionally and financially, with his wife's cancer. He admitted the majority of the $72,000.00 paid by the Plaintiffs was used by the Debtors for general business expenses, including salary for him and his wife, and other client projects. His testimony was credible.

The Debtors did not manage their business well. They took on too many jobs, which they could not realistically complete in a timely or quality manner, and kept poor business records. They did not maintain separate records for individual client accounts and intermingled client deposits with their company's general operating funds.

The Plaintiffs did not establish Allen Carter made any false representations with the intent to deceive the Plaintiff. Allen Carter intended to complete the Plaintiffs' roofing project, but was overcome by circumstances prohibiting him from completing the project. He had such intent at all times throughout his relationship with the Plaintiffs, including at the time he received the payments. The Plaintiffs failed to establish Allen Carter made a false representation, engaged in false pretenses, or committed actual fraud with the intent to deceive the Plaintiffs.

The Plaintiffs, by failing to establish the intent element for nondischargeability, failed to establish the required second, third, and fourth nondischargeability elements. They failed to establish they justifiably relied on any misrepresentation by Allen Carter and sustained a loss as a result of the misrepresentation. The indebtedness owed by the Debtors to the Plaintiffs pursuant to the Judgment is dischargeable.

## CONCLUSIONS OF LAW

The party objecting to the dischargeability of a debt carries the burden of proof and the standard of proof is preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991); Fed. R. Bankr. P. 4005 (2006). Exceptions to discharge "should be strictly construed against the creditor and liberally in favor of the debtor." Schweig v. Hunter (In re Hunter), 780 F.2d 1577, 1579 (11th Cir. 1986).

The Plaintiffs contends the Judgment debt, or in the alternative the amount of $46,000.00 pursuant to the Consent, should be excepted from discharge pursuant to 11 U.S.C. Section 523(a)(2)(A), which provides a discharge pursuant to Section 727 does not discharge an individual from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—"

> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A) (2006).

A plaintiff must establish the traditional elements of common law fraud to prevail in a Section 523(a)(2)(A) action. SEC v. Bilzerian (In re Bilzerian), 153 F.3d 1278, 1281 (11th Cir. 1998). A plaintiff must establish: (i) the debtor made a false representation to deceive the creditor; (ii) the creditor relied on the misrepresentation; (iii) the reliance was

7

justified; and (iv) the creditor sustained a loss as a result of the misrepresentation. Id.; Fuller v. Johannessen (In re Johannessen), 76 F.3d 347, 350 (11th Cir. 1996). The objecting party must establish each of the four elements of fraud by a preponderance of the evidence. Grogan, 498 U.S. at 291; In re Wiggins, 250 B.R. 131, 134 (Bankr. M.D. Fla. 2000).

The cornerstone element in a Section 523(a)(2)(A) nondischargeability proceeding is a misrepresentation made with the intent to deceive the creditor. A creditor cannot establish non-dischargeability pursuant to Section 523(a)(2)(A) without proof of reliance on misstatements by the debtor. City Bank & Trust Co. v. Vann (In re Vann), 67 F.3d 277, 280 (11th Cir. 1995); In re Perkins, 52 B.R. 355, 357 (Bankr. M.D. Fla. 1985). The reliance upon the debtor's false representation must be justified. Field v. Mans, 516 U.S. 59, 73-5 (1995) (establishing Section 523(a)(2)(A) requires justifiable reliance rather than the former standard of reasonable reliance).

### *No Preclusive Effect*

The Plaintiffs contends the Judgment debt is nondischargeable pursuant to the Judgment and it is entitled to preclusive effect. Res judicata bars relitigation of matters decided in a prior proceeding if: (i) the prior decision was rendered by a court of competent jurisdiction; (ii) there was a final judgment on the merits; (iii) the parties were identical in both suits; and (iv) the prior and present causes of action are the same. Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1501 (11th Cir. 1990).

"A final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Montana v. United States, 440 U.S. 147, 153 (1979). Collateral estoppel precludes the relitigation of an issue that has already been litigated

and resolved in a prior proceeding. Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1359 (11th Cir. 1998). Collateral estoppel precludes relitigation of issues tried and decided in prior judicial proceedings where each party had a full and fair opportunity to litigate the issues decided. St. Laurent, II v. Ambrose (In re St. Laurent), 991 F.2d 672, 675 (11th Cir. 1993). Collateral estoppel principles apply to dischargeability proceedings. Grogan, 498 U.S. at 285 n. 11.

The Plaintiffs contend the Judgment establishes the requisite fraud elements for non-dischargeability pursuant to Section 523(a)(2)(A) and the res judicata doctrine precludes relitigation of the issues determined by the State Court. All elements required to establish nondischargeability of the Judgment debt pursuant to Section 523(a)(2)(A) must have been established in the prior proceeding for collateral estoppel to apply. Grogan, 498 U.S. at 281.

The State Court did not in the Judgment set forth the elements of fraud pursuant to Section 523(a)(2)(A) or make the requisite specific findings as to each element. The Judgment contains no findings of fact or conclusions of law. The language of the Judgment is insufficient to establish the elements of Section 523(a)(2)(A).[7] The elements of Section 523(a)(2)(A) were not actually litigated in the State Court proceeding.

Collateral estoppel does not preclude the Debtors from challenging the Plaintiffs' claim of non-dischargeability. The Judgment is not entitled to preclusive effect.

---

[7] See In re St. Laurent, 991 F.2d 672, 676 (11th Cir. 1993) (finding a state court judgment to be nondischargeable where the judgment contained specific findings regarding fraudulent representations and established the elements of § 523(a)(2)(A) of the Bankruptcy Code. Collateral estoppel barred relitigation of the facts necessary for a determination of § 523(a)(2)(A) dischargeability).

### *Nondischargeability Elements*

The Plaintiffs did not establish Allen Carter made any false representations with the intent to deceive the Plaintiff. He intended to complete the roofing project, and had such intent at all times throughout his relationship with the Plaintiffs, including at the time he received the payments. His intentions may not have been realistic, but he made no false representations or committed fraud. The Plaintiffs failed to establish Allen Carter made a false representation, engaged in false pretenses, or committed actual fraud with the intent to deceive the Plaintiffs.

The Plaintiffs, by failing to establish the intent element for nondischargeability, failed to establish the required second, third, and fourth nondischargeability elements. They failed to establish they justifiably relied on any misrepresentation by Allen Carter and sustained a loss as a result of the misrepresentation. The indebtedness owed by the Debtors to the Plaintiffs pursuant to the Judgment is dischargeable.

The Plaintiffs have not established the Judgment debt owed to the Plaintiffs by the Debtors is nondischargeable pursuant to 11 U.S.C. Section 523(a)(2)(A).

A separate Judgment in favor of the Debtors and against the Plaintiffs consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the Joint Motion for Entry of a Non-dischargeable Final Judgment with a Consent to Non-dischargeable Final Judgment (Doc. Nos. 31, 32, 35) is hereby **DENIED**.

A separate Judgment consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 7th day of July, 2008.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge

11